# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ENRIQUE MANZANO BORROTO,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | No.  3:26-CV-00204-LS |
| | § | |
| **LACY MCANDREW, WARDEN OF** | § | |
| **CAMP EAST MONTANA** | § | |
| **DETENTION FACILITY, and KRISTI** | § | |
| **NOEM, D.H.S. DIRECTOR,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING MOTION TO APPOINT COUNSEL

Petitioner Enrique Manzano Borroto filed a writ of habeas corpus under 28 U.S.C. § 2241, challenging his immigration detention.[1] He has also filed a motion for appointment of counsel.[2] For the following reasons, the Court denies Petitioner's motion to appoint counsel.

18 U.S.C. § 3006A(a)(2)(B) allows a judge to appoint representation for someone who is financially eligible and is seeking relief under 28 U.S.C. § 2241 when "the court determines that the interests of justice so require."

The interests of justice do not require the appointment of counsel at this time. When the issues in a habeas petition "are not particularly complex," and the petitioner's "pro se brief adequately highlights the issues and the pertinent facts in the record," then appointment of counsel is not required.[3] Similarly, when "[t]he record amply demonstrates [the petitioner's] grasp of the

---

[1] ECF No. 2.

[2] ECF No. 3.

[3] *Schwander v. Blackburn*, 750 F.2d 494, 502–03 (5th Cir. 1985); *see also Saucier v. Warden*, 47 F.3d 426, No. 94-41050, 1995 WL 71331, at *1 (5th Cir. 1995) (denying appointment of appellate counsel in a habeas case where the petitioner "demonstrated that he is capable of representing himself by filing competent pleadings").

issues and his ability to present his case," there is no abuse of discretion in refusing to appoint counsel in a habeas case.[4] Petitioner's case is not particularly complex, and his filings reflect that he is able to highlight the issues and present the facts of his case. Therefore, the Court does not consider the appointment of counsel necessary. Petitioner's motion to appoint counsel [ECF No. 3] is denied.

      **SO ORDERED**.

      **SIGNED** and **ENTERED** on February 2, 2026.

      **LEON SCHYDLOWER**
      **UNITED STATES DISTRICT JUDGE**

---

[4] *Pinson v. Berkebile*, 601 F. App'x 611, 616 (10th Cir. 2015).