# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| ENRIQUE MANZANO BORROTO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | No.  3:26-CV-00204-LS |
| | § | |
| LACY MCANDREW, WARDEN OF | § | |
| CAMP EAST MONTANA DETENTION | § | |
| FACILITY, AND KRISTI NOEM, | § | |
| D.H.S. DIRECTOR, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING MOTION TO PREVENT PETITIONER'S TRANSFER

Petitioner Enrique Manzano Borroto filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed a motion to prevent his transfer from the State of Texas or removal to another country.[2] The Court will construe this motion as a motion for a temporary restraining order. For the following reasons, the Court denies Petitioner's motion.

The elements required to grant a motion for injunctive relief are:

(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. [3]

When the government is the opposing party, the third and fourth elements merge.[4] The district court has the discretion whether to grant or deny injunctive relief.[5]

---

[1] ECF No. 2.

[2] ECF No. 11.

[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).

[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

Petitioner does not establish any element required for a temporary restraining order. He requests that Respondents be enjoined from transferring him from Texas or removing him from the United States while his petition is pending, so that he can challenge the legality of his detention.[6] But transfer out of Texas would not affect this action because "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."[7] Petitioner would need only amend his petition to name the new physical custodian as respondent.[8] Finally, habeas petitions are challenges to unlawful detention.[9] Here, Petitioner seeks release from Immigration and Customs Enforcement ("ICE") custody,[10] so removal from the United States and out of ICE custody is precisely the relief he seeks.

For these reasons, the Court denies Petitioner's motion [ECF No. 11].

**SO ORDERED**.

**SIGNED** and **ENTERED** on February 26, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[6] ECF No. 11 at 2.
[7] *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)).
[8] *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (holding that the proper respondent in a habeas petition is the one who has "*immediate custody* of the party detained").
[9] 28 U.S.C. § 2241.
[10] ECF No. 2 at 5–6.